Daxiel, J.
 

 First: A party never shall be permitted to produce general evidence to discredit his own witness; but, if a witness prove facts in a cause, which make against the party who called him, yet the party may call other witnesses to prove, that those facts were otherwise. The other witnesses are not called directly to discredit the first witness, hut the impeachment of Ms credit is incidental and consequential only.
 
 Bull. N. P.
 
 296. Lord Ellenborough, (in
 
 Alexander
 
 v.
 
 Gibson, 2
 
 Camp. 556,) said, if a witness is called and gives evidence against the party calling him, I think he may be contradicted by other witnesses on the same side,, and that, in this manner,
 
 *218
 
 his evidence may be entirely repudiated. In
 
 Friedlander
 
 v.
 
 Land,
 
 (4 B. and Ad. 193,) Parke J. said, that a party can contradict his own witness, if he speak to a material fact in the case, against the interest of those who called him. On a collateral fact, he cannot be contradicted, not only because such evidence goes to the credit of the witness, but because a multiplicity of issues ought not to bo introduced.
 

 2dly. It is a rule in equity, not to allow the mortgagee to enter into a contract with the mortgagor,
 
 al Lhe Lime of the loan,
 
 for the absolute purchase of the estates for a specific sum, in case of default made in the payment of the mortgage
 
 money
 
 at the
 
 appointed time ;
 
 justly considering, it would throw open a wide door to oppression, and enable the creditor to drive an inequitable and hard bargain with the debtor, who is rarely prepared to discharge his debt at the specified time. But even in equity, the mortgagee, at a subsequent time, may purchase the equity of redemption, as well as a stranger, for then the mortgagor is not so much in his power, as he may himself redeem the mortgage, or sell the estates mortgaged to another person, and raise the
 
 money and
 
 discharge the mortgage.
 
 Coote on Mortgages,
 
 27. 2 Freem. 258. 1 Vern. 448. And a subsequent contract of sale by the mortgagor to the mortgagee, of the property in. mortgage, if
 
 bona fide,
 
 is good at law against a creditor of the mortgagor.
 
 King
 
 v.
 
 Cantrel,
 
 4 Ired. 251. An additional sum of money is not necessary to be given, to make the sale
 
 bona fide ;
 
 the price of the property may have fallen, and the mortgagor discharges his person from the arrest of his creditor on
 
 the
 
 mortgage debt. Tho substance is, whether the bargain was fairly for a sale at a just and reasonable value of the property; and the question of
 
 m.ala fides
 
 or
 
 bona fides
 
 was fairly left to the jury in this case. The mistake made on the trial, if any, was that of the jury, and that, this Court cannot correct.
 

 
 *219
 
 3dly. We see no error in the manner, in which the Court summed up the evidence given in the cause ; if the defendant’s counsel wished a more particular charge, on that portion of the evidence, which the Judge adverted to in general terms, he should have called his attention to it by a special prayer.
 

 Pur
 
 Curiam. Judgment affirmed.